IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

RICKIE CHARLES MARSHALL, JR.,

    **Plaintiff,**

v.

    Case No. 24-CV-061-RAW-GLJ

CLAY LINTNER, et al.,

    **Defendants.**

## OPINION AND ORDER

Plaintiff Rickie Charles Marshall, Jr. ("Plaintiff"), appearing pro se and proceeding *in forma pauperis*, brings this federal civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Dkt. No. 1. Before the Court are the Motion to Dismiss submitted by Defendant Chris Bryan [Dkt. No. 44] and the Partial Motion to Dismiss submitted by Defendant Clay Lintner [Dkt. No. 45]. Plaintiff submitted an untimely response[1] to the motions [Dkt. No. 48], to which Defendants Bryan and Lintner replied [Dkt. Nos. 49, 50].

    **I.**    **Legal Standard**

To survive a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

---

[1] On September 10, 2024, Defendants Bryan and Lintner jointly moved the Court to deem their motions confessed due to Plaintiff's failure to timely respond. The Tenth Circuit has recognized a "strong preference for resolving cases on their merits whenever possible." *See Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1319, 1321 (10th Cir. 2011). Further, "a district court may not grant a motion to dismiss for failure to state a claim 'merely because a party failed to file a response.'" *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (alteration omitted) (quoting *Reed v. Bennett*, 312 F.3d 1190 (10th Cir. 2002)). For these reasons, the Court declines to deem Defendants' motions confessed and will consider Plaintiff's untimely response in the adjudication of the dismissal motions.

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  The litigant must plead factual content that "allows the court to draw the reasonable inference" of the defendant's liability.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (alteration and internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557).

In assessing a motion to dismiss, the Court must accept all well-pleaded allegations in the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff.  *Twombly*, 550 U.S. at 555-56.  However, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  While the Court construes a pro se litigant's pleadings liberally, this liberal construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*  The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

**II.     Discussion**

Plaintiff raises three claims for relief premised on events he alleged occurred during his pre-trial detention at the Carter County Detention Center ("CCDC"), in Ardmore, Oklahoma.  Dkt. No. 1, at 2, 5-12.  Plaintiff names as defendants Sheriff of Carter County Chris Bryant, Sheriff Deputy of Carter County Clay Lintner, and Jail Administrator Devra Atwood.[2]  Dkt. No. 1, at 1, 3-4.  Plaintiff names Defendants in their individual and official capacities and seeks injunctive

---

[2] Plaintiff additionally named Turn Key Health Clinics, LLC ("Turn Key") as a defendant in this action.  The Court dismissed Defendant Turn Key, however, on May 30, 2024.  Dkt. No. 28.

relief and punitive damages. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, DJ Long, in his official capacity as Sheriff of Carter County, has been substituted in all official capacity claims against Chris Bryant. Dkt. No. 52.

In his first claim for relief, Plaintiff alleges that, upon entering CCDC on July 23, 2023, Defendant Lintner improperly threatened and forced Plaintiff to undergo a strip search in front of two guards of the opposite sex. Dkt. No. 1, at 9 ("Upon incarceration on 7-23-23, Clay Lintner forced me to perform a strip search in front of two female gaurds [sic] or he would taze me."). Plaintiff alleges that, in response to Plaintiff's protestation, Defendant Lintner "informed [Plaintiff] that [Plaintiff is] his inmate and that [Plaintiff has] no rights in his jail." *Id.* Plaintiff states the incident took place "by . . . showers in front of [a] camera." *Id.* Plaintiff further assets that his family "contacted Defendant Bryant about this" and that he wrote grievances regarding the incident, but "[Defendant] Bryant still hasn't reached out to him." *Id.*

Plaintiff alleges in his second claim for relief that, "[u]pon incarceration on 7-23-23 [he] found that [he] can't attend mental health counseling required by lighthouse due to [his] mental illness" and that "they hand out meds before they serve trays." Dkt. No. 1, at 10. Plaintiff contends that he "quit taking [his] meds because [he's] supposed to take them after [he] eat[s]" and "[t]hey were making [him] take them before and it was making [him] sick." *Id.* Plaintiff alleges he "was diagnosed with bipolar 2, anti-social personality disorder, [and] PTSD," and that "Turn Key Health Clinics, LLC staff knows this and has informed me they won't help me with these issues even though it's my right." *Id.* at 10-11.

In his third claim for relief, Plaintiff asserts, "Upon my incarceration I found that religious materials are considered contraband due to Sheriff Chris Bryant's policy." *Id.* at 12. He alleges he submitted a grievance requesting a bible and that Defendant Atwood "resolved the grievance

as substantiated with no comment and nothing has changed." *Id.* Plaintiff alleges Defendant Atwood "told [him] that she doesn't care if [his] rights are violated or not." *Id.*

### a. Defendant Bryant's Motion to Dismiss

In his motion, Defendant Bryant asserts that Plaintiff has failed to plausibly allege any claim against him in his individual or official capacity. Dkt. No. 44. He first argues that Plaintiff failed to allege his personal participation in Claims 1 or 2. *Id.* at 4. As Claim 2 includes no reference to Defendant Bryant, the Court does not construe this claim as being raised against him. Regardless, the absence of allegations pertaining to Defendant Bryant's actions or inactions precludes a finding that Plaintiff stated a plausible claim for relief against him. *See Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."). Similarly, Plaintiff's allegation against Defendant Bryant in Claim 1, that Defendant Bryant "hasn't reached out to him" regarding the strip search incident, fails to plausibility demonstrate Defendant Bryant's personal involvement in the alleged constitutional violation. Dkt. No. 1, at 10; *see Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("Supervisory status alone does not create § 1983 liability."). Plaintiff provides no facts suggesting Defendant Bryant personally participated in the alleged strip search or that "his exercise of control or direction, or his failure to supervise" contributed in a manner sufficient to impose supervisory liability. *Gallagher*, 587 F.3d at 1069 ("[T]here must be 'an affirmative link . . . between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise.'").

Regarding Plaintiff's free exercise claim (Claim 3), Plaintiff's sole allegation against Defendant Bryant is that "religious materials are considered contraband due to Sheriff Chris Bryant's policy." Dkt. No. 1, at 12. To establish supervisory liability based on an alleged policy,

4

the "plaintiff must show that (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (internal quotation marks omitted). Plaintiff's bare assertion of the existence of a policy and his attribution of that policy to Defendant Bryant are conclusory and therefore fail to satisfy the first element. *See Iqbal*, 556 U.S. at 680-81 (finding that allegations that "Ashcroft was the 'principal architect' of [the] invidious policy and that Mueller was 'instrumental' in adopting and executing it" were merely conclusory (internal citation omitted)). Further, Plaintiff's allegation that Defendant Atwood "resolved [his] grievance [request for a bible] as substantiated with no comment and nothing has changed," more plausibly suggests that negligence, rather than a policy, caused the complained of harm, Dkt. No. 1, at 12, and Plaintiff provides no allegations pertaining to Defendant Bryant's state of mind. Accordingly, Plaintiff fails to state a plausible free-exercise claim against Defendant Bryant in his individual capacity.

Defendant Bryant additionally seeks dismissal of Plaintiff's claims insofar as they are raised against him in his official capacity. By operation of Rule 25(d) of the Federal Rules of Civil Procedure, DJ Long, in his official capacity as Sheriff of Carter County, has been substituted in the place of Chris Bryant as to these claims. *See* Dkt. No. 52. An official capacity suit "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). The suit "is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Thus, "[a] section 1983 suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same." *Myers v. Okla. Cnty. Bd.*

5

*of Cnty. Comm'rs,* 151 F.3d 1313, 1316 n.2 (10th Cir. 1998) (alteration omitted). Municipalities may not be sued under 42 U.S.C. § 1983 on a theory of respondeat superior for the actions of their employees. *Monell*, 436 U.S. at 692. Instead, local governing bodies can be sued directly only where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. Thus, "to establish municipal liability, a plaintiff must show: 1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged." *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006).

Plaintiff does not allege that any Defendant acted pursuant to a municipal policy or custom in Claims 1 or 2. And as noted, the allegation in Claim 3 that "religious materials are considered contraband due to Sheriff Chris Bryant's policy" is merely conclusory and therefore "stops short of the line between possibility and plausibly of entitlement to relief." Dkt. No. 10, at 12; *Twombly*, 550 U.S. at 557 (alteration and internal quotation marks omitted); *see Mocek v. City of Albuquerque*, 813 F.3d 912, 934 (10th Cir. 2015) (determining that the plaintiff's allegation that "the City had a policy and custom of prohibiting lawful photography at the airport, retaliating against those who filmed at the airport, and failing to train its employees properly" was too conclusory to support a claim for municipal liability, as the plaintiff "cite[d] no particular facts in support").

For these reasons, Defendant Bryant's Motion to Dismiss shall be granted. The individual capacity claims raised against Defendant Bryant, as well as the official capacity claims against Sheriff DJ Long shall be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

> b. *Defendant Lintner's Partial Motion to Dismiss*

In his Partial Motion to Dismiss, Defendant Lintner seeks dismissal of all official and individual capacity claims raised against him, apart from the individual capacity claim raised in Claim 1. Dkt. No. 45. Defendant Lintner first argues that Plaintiff failed to reference him in either Claim 2 or Claim 3 and therefore failed to allege his personal participation as to those claims. As previously noted, the Court does not construe Plaintiff's claims as being raised against a defendant not named therein, and the absence of allegations pertaining to Defendant Lintner precludes a finding of his personal participation in the alleged constitutional violations. *See Foote*, 118 F.3d at 1423; *Gallagher*, 587 F.3d at 1069. Accordingly, Plaintiff has not stated a plausible claim for relief against Defendant Lintner in his individual capacity as to Claims 2 or 3.

Plaintiff's official capacity claims against Defendant Lintner likewise fail. Because Plaintiff's allegations against Defendant Lintner are restricted to Claim 1, the Court considers whether Plaintiff has plausibly alleged "the existence of a municipal policy or custom" in relation to that claim and "a direct causal link between the policy or custom and the injury alleged." *Graves*, 450 F.3d at 1218. The Tenth Circuit has explained that

> [a] municipal policy or custom may take the form of (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from "deliberate indifference" to the injuries that may be caused.

*Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (alteration and internal quotation marks omitted). Plaintiff does not allege that Defendant Lintner acted in accordance with a formal policy or an informal custom with the force of law. Nor does Plaintiff provide facts

7

from which the Court could infer that Defendant Lintner has final policymaking authority, that a final policymaker delegated such authority to Defendant Lintner and ratified his decision, or that the alleged constitutional violation was the consequent of inadequate training or supervision. Without more, Plaintiff's allegations fail to state a plausible official capacity claim against Defendant Lintner.

Accordingly, Defendant Lintner's Partial Motion to Dismiss will likewise be granted, and all claims against Defendant Lintner shall be dismissed without prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure, apart from the individual capacity claim raised against him in Claim 1.

### c. *Plaintiff's Remaining Claims*

What remain are (1) Plaintiff's individual capacity claim against Defendant Lintner for conducting an unreasonable search (Claim 1) and (2) Plaintiff's individual and official capacity claims against Defendant Devra Atwood for violation of his right to the free exercise of religion (Claim 3). Defendant Lintner did not seek dismissal of the former claim in his motion, and the Court declines to address it sua sponte. However, upon review of the allegations raised against Devra Atwood, the Court determines that they are subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1).

Plaintiff alleges Defendant Atwood "resolved" Plaintiff's grievance regarding his request for a bible as "substantiated with no comment and nothing has changed." Dkt. No. 1, at 12. He further alleges that he "spoke to [Defendant] Atwood in person over this issue and she told [Plaintiff] that she doesn't care if [his] rights are violated or not." *Id.* Plaintiff's claim against Defendant Atwood is predicated on her resolution of his grievance, but a defendant's resolution of a grievance, alone, is insufficient to demonstrate personal participation in the alleged constitutional

violation. *See Gallagher*, 587 F.3d at 1069 ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."). Nor does he provide facts plausibly demonstrating that Defendant Atwood was responsible for providing the bible following the resolution of his grievance. Accordingly, Plaintiff's allegations do not support a plausible individual capacity claim against Defendant Atwood.

Regarding Plaintiff's official capacity claim against Defendant Atwood, the Court previously determined Plaintiff's allegation of a policy in relation to this claim was conclusory. *See supra* Section II(a). Accordingly, Plaintiff has not plausibly alleged the existence of a municipal policy or custom on which an official capacity claim could be based. *Graves*, 450 F.3d at 1218. The Court therefore dismisses the individual and official capacity claims against Defendant Atwood without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 42 U.S.C. § 1997e(c)(1).

### III.  Conclusion

For the reasons discussed herein, Plaintiff's claims shall be dismissed without prejudice, apart from the individual capacity claim raised against Defendant Clay Lintner in Claim 1.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Defendant Chris Bryant's Motion to Dismiss [Dkt. No. 44] is GRANTED, and the individual capacity claims raised against him, as well as the official capacity claims against DJ Long, are DISMISSED without prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure;

2. Defendant Clay Lintner's Partial Motion to Dismiss [Dkt. No. 45] is GRANTED, and all individual and official capacity claims raised against him, apart from the individual

    capacity claim raised in Claim 1, are DISMISSED without prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure;

3. Plaintiff's individual and official capacity claims against Defendant Devra Atwood are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 42 U.S.C. § 1997e(c)(1);

4. Defendant Devra Atwood's Motion to Quash [Dkt. No. 46] is denied as moot;

5. the Motion to Deem Confessed submitted by Defendants Chris Bryant, Clay Lintner, and Devra Atwood [Dkt. No. 47] is DENIED.

**DATED** this 27th day of March, 2025.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA